﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190517-5707
DATE: September 26, 2019

ORDER

Entitlement to an initial rating of 70 percent, but no higher, for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD) and major depressive disorder, from November 18, 2014, to September 8, 2018, is granted, subject to the regulations governing the payment of monetary awards.

Entitlement to a total disability rating based on unemployability (TDIU) due to the acquired psychiatric disability is granted from November 18, 2014, to September 8, 2018, subject to the regulations governing the payment of monetary awards. 

FINDINGS OF FACT

1. From November 18, 2014, to September 8, 2018, the severity, frequency and duration of the Veteran’s acquired psychiatric disability symptoms most closely approximated occupational and social impairment with deficiencies in most areas. 

2. From November 18, 2014, to September 8, 2018, the Veteran is unable to obtain or maintain substantially gainful employment solely due to his service-connected disability. 

CONCLUSIONS OF LAW

1. From November 18, 2014, to September 8, 2018, the criteria for a disability rating of 70 percent, but no higher, for an acquired psychiatric disability, to include PTSD and major depressive disorder, were met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.126, 4.130, Diagnostic Code 9434. 

2. From November 18, 2014, to September 8, 2018, the criteria for entitlement to TDIU were met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from September 1960 to June 1965.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a February 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) which granted service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD) and major depressive disorder with psychiatric features, with an initial rating of 30 percent effective November 18, 2014, and of 100 percent from September 8, 2018. The Veteran was notified of the decision in May 2019.

The Veteran selected the Evidence Submission review lane in his May 2019 notice of disagreement. Therefore, evidence submitted within 90 days of the notice of disagreement, including a May 2019 private opinion, has been considered. 

As discussed below, the Board finds that the issue of entitlement to a TDIU from November 18, 2014 to September 8, 2018, has been raised by the record, specifically in the May 2019 private opinion submitted within 90 days of the notice of disagreement. See Rice v. Shinseki, 22 Vet. App. 447 (2009).

 

Entitlement to a higher initial rating for an acquired psychiatric disability, rated as 30 percent disabling from November 18, 2014, to September 8, 2018.

The Veteran asserts that he is entitled to a rating in excess of 30 percent for the service-connected acquired psychiatric disability from November 18, 2014, to September 8, 2018. 

The Veteran’s acquired psychiatric disability, to include PTSD and major depressive disorder is rated under Diagnostic Code 9434. 38 C.F.R. § 4.130.

Under the General Formula for Mental Disorders (General Formula), the Board must conduct a “holistic analysis” that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013). 

The issue in this appeal is whether the Veteran’s associated symptoms caused the level of impairment required for a disability rating in excess of 30 percent from November 18, 2014, to September 8, 2018. The Veteran’s psychiatric disability is rated as 100 percent disabling, the highest available level, from September 8, 2018. 

The Board concludes that the Veteran’s overall symptoms most closely approximated a level of impairment of 70 percent disabling from November 18, 2014, to September 8, 2018. 

A 30 percent rating is assigned when symptoms such as depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, or mild memory loss (such as forgetting names, directions, or recent events), cause occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and normal conversation).

A 50 percent rating is assigned when symptoms such as flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; or difficulty in establishing and maintaining effective work and social relationships cause occupational and social impairment with reduced reliability and productivity.

A 70 percent rating is assigned when symptoms such as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); or inability to establish and maintain effective relationships cause occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood.

A 100 percent rating is assigned when symptoms such as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; or memory loss for names of close relatives, own occupation or own name cause total occupational and social impairment.

VA and private treatment records, the September 2015 VA examination, a private opinion and the Veteran’s lay statements show that the Veteran’s psychiatric disability, to include PTSD and major depressive disorder, was manifested by symptoms associated with a 70 percent rating including suicidal ideation, near-continuous depression affecting the ability to function independently, appropriately and effectively, and difficulty in adapting to stressful circumstances, and symptoms associated with a 100 percent rating including intermittent visual, auditory and tactile hallucinations. 

The Veteran’s VA treatment records reflect that he reported having symptoms of depression, intermittent suicidal ideation and hallucinations throughout the appeal period. 

An October 2014 VA treatment record noted that the Veteran had ongoing symptoms of low mood. He had no suicidal or homicidal ideation. He had ongoing depression. The record noted that the Veteran had not had psychosis for months, but had previously had visual and olfactory hallucinations. 

A January 2015 VA treatment record reflects that the Veteran indicated he had ongoing and slightly increased frequency of seeing shadows out of the corner of his eyes and seeing his dog regularly. He had ongoing sadness related to the passing of his dog. He was bothered by the shadows. He denied any suicidal or homicidal ideation. Sleep was “off and on.” The Veteran’s risperidone medication was increased. He also reported having visual hallucinations/shadows occasionally in February 2015. 

An April 2015 VA treatment record indicated he had feelings of sadness. He otherwise seemed to have fair functioning and was involved in sources of support. An April 2015 VA treatment record indicated the Veteran struggled with depression including auditory, visual, and tactile hallucinations. He would see black shadows and would sometimes fight with them or talk with them. He reported that he had experienced intermittent suicidal thoughts, “don’t want to wake up” without planning for years. He and his spouse had been married 21 years.

A May 2015 VA treatment record noted that the Veteran had no suicidal or homicidal thoughts. He had an improvement in mood as well as decreased visual hallucinations. 

A May 2015 VA treatment record treatment plan indicated the Veteran experienced depressive symptoms including sadness, lack of motivation, anergia, intermittent feelings of hopelessness and passive suicidal thoughts. He reported having passive suicidal ideation since service. 

The May 2015 VA examination report reflects that the Veteran had occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation. The Veteran denied having suicidal or homicidal ideation. He indicated that he remained married to his wife of about 20 years and that he talked with one of his sons every other week and maintained contact with one of his daughters. He indicated that his other children had issues with him. The Veteran was appropriately groomed. He was oriented to person, place, and time. Eye contact was good. Speech was normal for rhythm, rate and volume. His mood was neutral. The Veteran maintained meaningful relationships and engaged in normal, routine activities of daily living. He remained compliant with medications and the therapy program. The report reflects that the Veteran stated he typically gets up around 5 am, spends his morning walking the dog and then does nothing and sits at home. He reported he goes to bed around 7 pm when his wife is getting home and that they sleep in separate bedrooms. 

A September 2015 VA treatment record noted that the Veteran reported intermittently experiencing passive suicidal thoughts, feeling like he did not want to wake up. He reported experiencing suicidal ideation with planning several weeks ago. He felt more depressed and hallucinations were more intense, including auditory mumbling and visual white shadowy figures. 

A December 2015 VA treatment record noted that the Veteran had hallucinations of a person’s face and shadows. The record noted that on that day, the Veteran’s thought process and memory were normal. The Veteran had no auditory or visual hallucinations or delusional thoughts. 

A March 2016 VA treatment record reflects that the Veteran reported seeing visual hallucinations of transparent silhouettes of people for 5 to 10 minutes a couple of times weekly. He denied having suicidal or homicidal ideation.

A June 2016 VA treatment record indicated the Veteran reported having hallucinations that were unchanged and were occasional and minor. He stated that they did not make him upset or worried. He denied symptoms of psychosis, mania, suicidal ideation or homicidal ideation. 

A November 2016 VA treatment record indicated the Veteran reported that his PTSD symptoms were more intense over the past few months. He reported an increase in flashbacks, anxiety, nightmares, and hallucinations. He denied having suicidal ideation. The Veteran reported having problems with short- and long-term memory. He stated that he had intermittent auditory and visual hallucinations. The Veteran confirmed having passive suicidal thoughts around 4 months ago. 

A December 2016 VA treatment record indicates the Veteran reported he had been having trouble sleeping. He denied any suicidal ideation or homicidal ideation intentions or plans. He reported feeling anxious. He reported problems with short- and long-term memory. He reported having intermittent visual and audio hallucinations. 

A September 2018 opinion from a licensed professional counselor, C.K., stated that the Veteran had many severe symptoms. He had a fear of people and felt suicidal nearly constantly. He has nightmares and was anxious and depressed at all times and does not sleep for more than an hour or two. He did not perform self-care on a regular basis. He saw shadows and was scared to leave his bedroom or his home. He was paranoid and felt that people were talking about him if he was in a public setting for a short period. He had flashbacks and lost sight of where he was at times. The counselor found the Veteran had gross impairment in thought processes or communication, he had persistent delusions and grossly inappropriate behavior. He had self-harm thoughts and could not perform activities of daily living. He at times became disoriented due to delusions or flashbacks. The counselor concluded that the Veteran was disabled from all types of gainful employment due to his acquired psychiatric disorder. 

In a May 2019 opinion the private counselor, C.K., opined that the Veteran should be rated at 100 percent disabling from November 2014 to September 2018 because he had the same level of symptoms during that time period. The private examiner opined that the Veteran was totally disabled and unemployable from November 2014 to present. 

The Board finds the severity, frequency, and duration of the Veteran’s listed and unlisted symptoms more closely approximate the symptoms contemplated by a 70 percent rating, which are less severe, less frequent, and shorter in duration than those contemplated by a 100 percent rating, from November 18, 2014, to September 8, 2018. Although the Veteran expressed suicidal ideation, the severity, frequency, and duration of the Veteran’s suicidal ideation did not rise to the level contemplated by the 100 percent disability rating. The Veteran regularly denied thoughts, intent, or a plan involving self-harm in existing VA treatment records, and during the May 2015 VA examination. Additionally, other than on one occasion in September 2015, when he reported having suicidal ideation he indicated it was passive without plan. Therefore, the frequency, duration, and severity of this symptom does not reflect that he was a persistent danger to himself. 

The Board finds that the Veteran’s VA treatment records and May 2015 VA examination report indicate his symptoms were not as severe prior to September 2018. The May 2015 VA examiner found that the Veteran maintained meaningful relationships, and engaged in normal and routine activities of daily living. The Veteran frequently denied having symptoms of suicidal ideation, which is contrary to the September 2018 record indicating he felt suicidal nearly constantly. VA treatment records indicated he was able to perform activities of daily living such as regularly walking his dog and helping take care of his wife when she was sick.

The Board finds the level of impairment caused by the Veteran’s symptoms more closely approximates the level associated with a 70 percent rating. The Veteran experienced occupational and social impairment with deficiencies in most areas. Mental status examinations in VA and private treatment records and the May 2015 VA examination indicate that the Veteran had symptoms of depression, anxiety, short and long-term memory loss, and suicidal ideation. 

While the Veteran did experience symptoms contemplated by a 100 percent rating, including hallucinations, the evidence overall does not demonstrate the level of impairment associated with a 100 percent rating. The evidence indicates the Veteran’s hallucinations were intermittent. The October 2014 VA treatment record noted that the Veteran had not had psychosis for months. The December 2015 VA treatment record noted that on that day, the Veteran did not have auditory or visual hallucinations. The June 2016 VA treatment record described the Veteran as having hallucinations that were occasional and minor and did not make him upset or worried. As such, the record reflects that the frequency, duration, and severity of these symptoms did not result in persistent delusions or hallucinations. As noted above, the Veteran’s other remaining symptoms were either contemplated by or were more consistent with a 70 percent rating. 

Further, although the Board finds that the Veteran’s acquired psychiatric disability caused occupational impairment, as discussed below, the Veteran was not totally socially impaired. VA treatment records show that the Veteran continued to live with his wife of over 20 years and had relationships with some of his family members. A June 2016 VA treatment record noted that he visited his daughter in South Carolina and had an enjoyable visit. He also reported helping care for his wife who had shingles at that time. 

In sum, the Board finds that the overall evidence supports a finding that an initial rating of 70 percent, but no higher, is warranted for the Veteran’s symptoms of his acquired psychiatric disability from November 18, 2014 to September 8, 2018. The evidence supports a finding that the Veteran’s acquired psychiatric disability symptoms caused occupational and social impairment with deficiencies in most areas from November 18, 2014, to September 8, 2018. However, the Board finds the preponderance of the evidence is against a finding that the Veteran’s symptoms demonstrated the level of impairment associated with a 100 percent rating.

Entitlement to a total disability rating based on unemployability (TDIU) from November 18, 2014 to September 8, 2018

The Board finds that the issue of entitlement to a TDIU from November 18, 2014 to September 8, 2018 has been raised by the record. See Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). In the May 2019 private opinion, submitted within the 90 day evidence submission period, C.K. opined that the Veteran is totally disabled and unemployable due to his service-connected psychiatric disability from November 2014 through the present, which raised the issue of entitlement to a TDIU. 

Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). If there is only one such disability, it must be rated at 60 percent or more, and if there are two or more disabilities, there shall be at least one disability rated at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent. 38 C.F.R. § 4.16(a). For the above purpose of one 60 percent disability or one 40 percent disability in combination, disabilities resulting from common etiology or from a single accident are considered to be one disability. Id. 

The established policy of VA reflects that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. 38 C.F.R. § 4.16(b). Factors such as employment history and educational and vocational attainments are to be considered. Id. For VA purposes, the term “unemployability” is synonymous with an inability to secure and follow a substantially gainful occupation. VAOPGCPREC 75-91; 57 Fed. Reg. 2317 (1992). The word “substantially” suggests an intent to impart flexibility into a determination of overall employability, as opposed to requiring the appellant to prove that he is 100 percent unemployable. Roberson v. Principi, 251 F.3d 1378 (Fed. Cir. 2001). 

The United States Court of Appeals for Veterans Claims (Court) recently held that “substantially gainful occupation” contains both economic and noneconomic components. Ray v. Wilkie, 31 Vet. App. 58 (2019). The Court stated that: “[W]e interpret the phrase “unable to secure and follow a substantially gainful occupation” in [38 C.F.R.] § 4.16(b) to have two components: one economic and one noneconomic. The economic component simply means an occupation earning more than marginal income (outside of a protected environment) as determined by the U.S. Department of Commerce as the poverty threshold for one person. As for the noneconomic component, the Secretary himself states that ‘determining eligibility for TDIU requires more than determining the presence or absence of employment producing income exceeding any particular threshold,’ and ‘the ultimate inquiry is instead on the individual claimant’s ability to secure or follow that type of employment’.” Id. 

In this case, the Veteran’s only service-connected disability is the acquired psychiatric disability, to include PTSD and major depressive disorder. As noted above, the Board finds that the disability is rated as 70 percent disabling from November 18, 2014 to September 8, 2018, and the disability is rated as 100 percent disabling thereafter. Thus, the Veteran has met the schedular criteria for a TDIU from November 18, 2014 to September 8, 2018.

The remaining question is whether the Veteran’s service-connected disability renders him incapable of participating in a regular substantially gainful occupation consistent with his education and work experience.

In this case, the Board finds that the balance of the evidence supports a finding that the Veteran’s service-connected disability substantially impacted his ability to secure and engage in types of employment at any exertional level from November 18, 2014, to September 8, 2018. 

An October 2001 VA treatment record indicated that the Veteran’s work history including working for 12 years at a bank, rising to a vice president. He worked for two years in telecommunications and then took a job as a project manager and became unemployed. 

In the May 2019 opinion, the private counselor, C.K., opined that the Veteran was totally disabled and unemployable from November 2014 to September 2018. C.K. opined that the Veteran’s symptoms were at the same level as symptoms noted in the September 2018 opinion. The symptoms noted in the September 2018 opinion included symptoms of suicidal ideation, nightmares, depression, seeing hallucinations and becoming disoriented due to delusions or flashbacks.

Although the May 2015 VA examination report reflects that the Veteran had occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, the Board finds that the overall evidence of record more closely approximates more severe symptoms. The Veteran reported doing nothing except walking his dog and sitting at home. VA treatment records indicate the Veteran experienced suicidal ideation. VA treatment records also indicated the Veteran experienced intermittent visual, auditory and tactile hallucinations throughout the appeal period. The April 2015 VA treatment record noted that the Veteran struggled with depression and would sometimes fight or talk with black shadows. The VA treatment records also noted problems with short- and long-term memory. 

In a September 2018 opinion from a licensed professional counselor, C.K., stated that the Veteran had many severe symptoms. He had a fear of people, and felt suicidal nearly constantly. He did not perform self-care on a regular basis. He saw shadows and was scared to leave his bedroom or his home. He was paranoid, had flashbacks, and lost sight of where he was at times. The counselor found the Veteran had gross impairment in thought processes or communication, he had persistent delusions and grossly inappropriate behavior. He had self-harm thoughts and could not perform activities of daily living. He at times became disoriented due to delusions or flashbacks. 

In a May 2019 opinion the private counselor, C.K., opined that the Veteran should be rated at 100 percent disabling from November 2014 to September 2018 because he had the same level of symptoms. The private counselor opined that the Veteran was totally disabled and unemployable from November 2014 to present. The Board finds the opinion to be probative, as C.K. provided a rationale for the opinion, noting that the Veteran’s severe symptoms prior to September 2018 were similar and caused him to be disabled from all types of gainful employment. The Veteran’s VA treatment records reflect that he consistently reported symptoms of suicidal ideation and hallucinations, serious symptoms that would affect his ability to work.

In sum, the Board finds that the Veteran met the schedular criteria for a TDIU based on his service-connected acquired psychiatric disability from November 18, 2014 to September 8, 2018. The Board further finds that giving the Veteran the benefit of the doubt, the evidence of record, including the May 2019 opinion, supports a finding that the Veteran’s acquired psychiatric disability substantially impacted his ability to secure and engage in types of employment at any exertional level from November 18, 2014, to September 8, 2018. Therefore, entitlement to a TDIU is granted from November 18, 2014, to September 8, 2018.

 

 

M. SORISIO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Marenna, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.